## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | **Case I.D. No. 1209018367** |
| | ) | |
| BRYON L. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: June 3, 2015
Date Decided: June 23, 2015

## ORDER DENYING DEFENDANT'S MOTION
## FOR POSTCONVICTION RELIEF

This 23rd day of June, 2015, upon consideration of the Motion for Postconviction Relief ("Motion") filed by Defendant, Bryon L. Brown; the facts and legal authorities set forth in the Motion; and, the entire record in this case:

1. On August 6, 2013, Defendant pled guilty to Forgery in the Second Degree.[1] Defendant was represented by Dade Werb, Esquire ("Plea Counsel"). Pursuant to the plea agreement, Defendant admitted that he qualified for habitual offender status and agreed not to oppose the State's motion to have him sentenced as a habitual offender.

2. On October 2, 2013, the State filed a Motion to Declare Defendant a Habitual Offender, pursuant to 11 *Del. C.* § 4214(a), which the Court granted.

---

[1] 11 *Del. C.* § 861.

3. Before sentencing, Kevin P. Tray, Esquire, ("Sentencing Counsel") replaced Plea Counsel as counsel for Defendant.

4. On August 8, 2014, the Court sentenced Defendant to three years at Level V to be served under the provisions of the Habitual Criminal Act.[2]

5. On October 24, 2014, Defendant filed a Motion for Sentence Modification, which the Court denied on October 30, 2014. On November 19, 2014, Defendant filed a second a Motion for Sentence Modification, which the Court denied on December 1, 2014. On June 1, 2015, Defendant filed a third Motion for Sentence Modification, seeking credit for time served, which the Court granted in part on June 15, 2015.

6. On June 3, 2015, Defendant filed the pending Motion seeking relief under Superior Court Criminal Rule 61. This is his first postconviction motion. Defendant seeks postconviction relief on the ground of ineffective assistance of counsel. Defendant contends that Plea Counsel failed to advise Sentencing Counsel on the details of Defendant's case and that Sentencing Counsel failed to obtain and review his case file for sentencing and was bias towards Defendant.

7. According to Rule 61(d)(5), "If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the

---

[2] 11 *Del. C.* § 4214(a).

movant is not entitled to relief, the judge may enter an order for its summary dismissal."

8. To avoid summary dismissal, Defendant must do more than make conclusory assertions of law or fact.[3] Defendant must support his claims of ineffective assistance of counsel with "'concrete allegations of prejudice.'"[4]

9. With respect to Sentencing Counsel: Defendant alleges that two weeks before sentencing, Sentencing Counsel advised Defendant that Sentencing Counsel needed to obtain Defendant's case file before Sentencing Counsel could decide how to proceed. Defendant argues that this alleged conversation creates an inference that Sentencing Counsel lacked interest and was not actively engaged in Defendant's case. Defendant's contentions are conclusory and do not assert concrete allegations of prejudice. Defendant signed a Truth-In-Sentencing Guilty Plea Form acknowledging that the statutory penalty for the offense of Forgery in the Second Degree is 0–2 years and, because of his habitual offender status, Defendant faced a maximum penalty of a life sentence. Indeed, Defendant was sentenced to three years at level V.

---

[3] *State v. Watson*, 2008 WL 1952160, at *2 (Del. Super. Mar. 25, 2008). Conclusory is defined as "[e]xpressing a factual inference without stating underlying facts on which the inference is based." Black's Law Dictionary, 308 (8th ed. 2004).

[4] *Watson*, 2008 WL 1952160, at *2 (quoting *State v. Childress*, 2001 WL 1610766, at *1 (Del. Super. 2011).

10. In addition, Defendant's Motion asserts that Sentencing Counsel's alleged "dismissive attitude" constituted ineffective assistance of counsel that resulted in an improper plea. However, Plea Counsel, not Sentencing Counsel, represented Defendant with respect to the plea entered on August 6, 2013.

11. With respect to Plea Counsel: Defendant answered "Yes" when asked "are you satisfied with you lawyer's representation of you" on the Truth-In-Sentencing Guilty Plea Form. Defendant is bound by his answers on the Truth-In-Sentencing Guilty Plea Form.[5] Moreover, Defendant has asserted conclusory allegations that Plea Counsel failed to communicate the details of Defendant's case with Sentencing Counsel.

12. It plainly appears that Defendant's Motion is without merit.

**NOW, THEREFORE, on this 23rd day of June 2015, Bryon L. Brown's Motion for Postconviction Relief is hereby SUMMARILY DISMISSED.**

**IT IS SO ORDERED**.

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

[5] *Sommerville v. State*, 703 A.2d 629, 632 (Del. 1997).